See Attachment

⑦
8/3/01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. WELDON,                      :
                                       :
    Plaintiff                          :
                                       :   CIVIL NO. 1:CV-01-1098
    vs.                                :
                                       :   (Judge Caldwell)
MR. NORK, et al.,                      :
                                       :
    Defendants                         :

FILED
HARRISBURG, PA

AUG 1 2001

M E M O R A N D U M

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

I.  Introduction.

   The pro se plaintiff, Robert C. Weldon, an inmate at the State Correctional Institution at Dallas, Dallas, Pennsylvania, filed this civil rights action seeking damages for alleged violations of unspecified constitutional rights and harm to his reputation. The complaint is accompanied by an application to proceed in forma pauperis.[1]

   Weldon has named seventeen (17) defendants all employed, in various positions, by the Pennsylvania Department of Corrections: Corrections Officer ("CO") Nork; Mr. Jones (Hearing Examiner); Mr. Yackiel (Unit Manager and member of SCI-Dallas' Program Review Committee ("PRC"); Donald Jones (Major and PRC member); Thomas

---

   [1] Weldon completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an Administrative Order directing the superintendent at his present place of confinement to commence deducting the full filing fee from plaintiff's prison trust fund account.

Stachelek (Deputy Superintendent and PRC member); Mr. Varner (Superintendent); Lieutenant Weber; Lieutenant McClosky; Randy Schoonover (Intelligence Captain); Robert S. Bitner (Chief Hearing Examiner); Tshanna C. Kyler; Sergeant Lewis; CO Gibbons; CO Sartini, CO McDermott and Kenneth Burnett (Assistant to the Superintendent, Grievance Coordinator, and PRC member); and the Central Office Review Committee.

Although relatively brief, the complaint sets forth several causes of action. The Court is required under 28 U.S.C. § 1915A to examine it for legal sufficiency. In doing so, the Court will grant Weldon's application to proceed in forma pauperis, and dismiss all causes of action except for the retaliation claim which will proceed exclusively against CO Nork.

II    Background.

Weldon claims that after he testified on behalf of another inmate, CO Nork threatened that he "would get" him and then issued him a misconduct for fondling another inmate's genitals. Weldon claims he grieved and appealed these issues "through the entire chain of command" without satisfaction. (Doc. 1, p. 2). There are no specific allegations of wrongdoing by Hearing Examiner Jones, Yackiel, Major Jones, Stachelek, Varner, Weber, McClosky, Schoonover, Bitner, Kyler or Burnett in the complaint.[2] However,

---

[2] In making this determination the Court is examining the four corners of the complaint without regard to Weldon's other letters,

-2-

Weldon identifies defendants Lewis, Gibbons, Sartini and McDermott as confiscating some handwritten papers from his cell. Weldon claims unspecified violations of his constitutional rights in addition to damage to his reputation.

In claims brought under § 1983, each defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

An application of the above standards to the present complaint clearly shows that Weldon has failed to set forth a cognizable claim against any defendant (other than CO Norris) as there are no allegations within the complaint identifying any alleged wrong doing by any other named defendant. To the extent that Weldon seeks to impose liability on any of these defendants because they were in the "chain of command" that reviewed his misconduct appeal and/or grievances, this claim must also fail under 42 U.S.C. §

---

notes or documents (doc. 6) filed with the Court.

-3-

1983. The fact that a corrections official failed to respond satisfactorily to Weldon's appeals is insufficient for liability under 42 U.S.C. § 1983. Wilson v. Horn, 971 F.Supp. 943, 947 (E.D. Pa. 1997), aff'd., 142 F.3d 430 (3d Cir.1998). Likewise, Weldon's claim against the Central Office Review Committee must fail as it is not a "person" under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989).

As to the allegations concerning defendants Lewis, Gibbons, Sartini and McDermott who are alleged to have "removed 'handwritten documented account' of all paperwork [Weldon] ... sent to D.O.C. and state personnel" - no viable claim has been asserted. To the extent that Weldon is claiming a deprivation of personal property, this alleged deprivation does not establish a Due Process violation if a meaningful post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pennsylvania tort law offers a remedy for a prison official's unlawful deprivation of an inmate's property. See 42 Pa. Cons. Stat. Ann. § 8522(b); Payton v. Horn, 49 F. Supp.2d 791, 795 (E.D. Pa. 1999); Acosta v. McGrady, No. CIV.A. 96-2874, 1999 WL 158471, *6 (E.D. Pa. March 22, 1999); Smith v. Luciani, Nos. CIV.A. 97-3037, CIV.A. 97-3613, 1998 WL 151803, *5 (E.D. Pa. March 31, 1998); Austin v. Lehman, 893 F.Supp. 448, 454 (E.D. Pa. 1995); Gilmore v. Jeffes, 675 F. Supp. 219, 221 (M.D. Pa. 1987). Therefore, since Weldon appears to have a state remedy for his property claim by way of a lawsuit in state court, a § 1983 action on this basis is inappropriate.

-4-

If Weldon is attempting to claim these defendants interfered with his right of access to the courts, this claim is also subject to dismissal. In order to state a claim for denial of access to the courts, and the means to effectuate such access, in violation of the Constitution, a prisoner must demonstrate actual injury. Bounds v. Smith, 430 U.S. 817, 828 (1977); Lewis v. Casey, 518 U.S. 343, 349 (1996). In order to present a viable "access to courts" claim, an inmate must show an actual injury or harm. Id. at 349-355. An "actual injury" is established by an inmate showing that a direct appeal of his conviction, a habeas petition or a civil rights action implicating a basic constitutional right was frustrated or impeded and that the thwarted action was non-frivolous. Lewis, 518 U.S. 353-54. In this case, Weldon does not assert that he has been prevented from initiating a non-frivolous lawsuit, or had a complaint or appeal dismissed on legal technical grounds, or not filed an appeal or response at all because of the alleged deprivation of his handwritten documents by Sgt. Lewis, CO Gibbons, CO Sartini and CO McDermott. Thus, Weldon has failed to plead the requisite injury for an interference with access to the courts claim. See Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2179 (1996).

We now turn to Weldon's claims against CO Nork. Plaintiff claims that on February 23, 2001, CO Nork verbally harassed and threatened him when CO Nork said "I will get you nigger lover. If

-5-

it's the last thing I do, I will get you." (Doc. 1, p. 2). CO Nork later gave Weldon a misconduct.

The use of words, however violent, generally cannot constitute an assault actionable under § 1983. See Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert. denied, 414 U.S. 1033 (1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("verbal harassment does not give rise to a constitutional violation enforceable under § 1983"). Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. See Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973); see also Collins v. Cundy, 603 F.2d 825, 827-28 (10th Cir. 1979) (finding that allegations that sheriff laughed at prisoner and threatened to harm him did not state a claim for constitutional violation); Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("Verbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Table). Further, a constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.), cert. denied, 502 U.S. 879 (1991).

Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. As, for example, a case where some action was taken by the defendant that escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Further, verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right. See Bieros v. Nicola, 860 F. Supp. 226, 233 (E.D. Pa. 1994) (citing Prisoners' Legal Ass'n, 822 F. Supp. at 189; Murray, 809 F. Supp. at 384).

Pursuant to the above discussion, Weldon's allegation that CO Nork subjected him to verbal abuse does not rise to the level of a constitutional violation. Dismissal of this claim against CO Nork is appropriate.

However, the final portion of Weldon's allegations involving CO Nork may state a cause of action of retaliation. Although not directly pled as such, Weldon's complaint suggests CO Nork issued him a misconduct because he testified on behalf of another inmate. As such, at this stage of the litigation, we determine that this claim should proceed, but only against CO Nork, the only defendant alleged to have had personal involvement in the alleged violation.

-7-

We will issue an appropriate order.

*William W. Caldwell* (signature)
WILLIAM W. CALDWELL
United States District Judge

Date: August 1, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. WELDON,

    Plaintiff

vs.

MR. NORK, et al.,

    Defendants

CIVIL NO. 1:CV-01-1098

(Judge Caldwell)

FILED
HARRISBURG, PA

AUG 1 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

O R D E R

AND NOW, this 1st day of August, 2001, upon consideration of the complaint under 28 U.S.C. § 1915A, it is ordered that:

    1. Plaintiff's motion to proceed in forma pauperis (doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and is granted.

    2. All claims, except for the retaliation claim against defendant Nork, are hereby dismissed.

    3. The Clerk of Court shall cause service of process to issue only on defendant Nork. All other defendants are dismissed from this action.

    4. The Clerk of Court is directed that service shall include the complaint (doc. 1) and a copy of this order and accompanying memorandum.

WILLIAM W. CALDWELL
United States District Judge

```
                    UNITED STATES DISTRICT
                           FOR THE
                    MIDDLE DISTRICT OF PENN

                    * * MAILING CERTIFICATE O

                         August 1, 2001

Re:  1:01-cv-01098    Weldon v. Nork


True and correct copies of the attached were
to the following:


        Robert C. Weldon
        SCI-D
        SCI at Dallas
        DL 7681
        Drawer K - Follies Rd.
        Dallas, PA  18612-0286




CC:
Judge                          (✓)
Magistrate Judge               ( )
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached
                                    U.S. Marshal ( )

Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition atta
                                    to:  US Atty Gen
                                         DA of County

Bankruptcy Court               ( )    w/ N/C, 8/1/01
Other _____  ( )


DATE:   ___8/1/01___
```

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

Recipient's Name: Francis Filipi, DAG
Street: 15th flr, Strawberry Square
City, State, ZIP+4: Hbg, PA 17120

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

Recipient's Name: C.O. Nork, SCI @ Dallas
Street: Drawer K
City, State, ZIP+4: Dallas, PA 18612-0286

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

Recipient's Name: Michael Fisher, Atty General
Street: 15th flr, Strawberry Square
City, State, ZIP+4: Hbg, PA 17120