See Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. WELDON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-01-1098
vs. :
: (Judge Caldwell)
MR. NORK, et al., :
:
    Defendants :

ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff Robert C. Weldon, an inmate at the State Correctional Institution at Dallas, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. On November 5, 2001, Weldon filed a letter with the court requesting direction as to "how to go about requesting attorney assistance." (doc. 15).[1] This letter will be construed as a motion for appointment of counsel. There is no indication that it was served upon opposing counsel.

---

[1] Normally, the Court will not deal with requests set forth in letters. The plaintiff is reminded that if he wishes the Court to consider a request he must file an appropriate document with the Clerk of Court, with the caption of his case, setting forth the relief requested, and serve a copy of the document on opposing counsel. Weldon is urged to review his copy of this Court's standard practice order he received in June 2001 for further guidance on this issue as neither the Court nor the Clerk's Office may offer legal advice to parties.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Weldon's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. In the pleadings submitted by plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Weldon will suffer substantial prejudice if he is forced to prosecute this case on his own.

It is also important to consider the effort made to retain an attorney before asking the court to appoint one. See Tabron, supra 6 F.3d at 157 n.5. Weldon does not state that he attempted to obtain counsel before asking the court to appoint counsel, and indicating, in detail, what efforts he made.

Therefore, Weldon's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the plaintiff.

AND NOW, this 13th day of November, 2001, it is ordered that:

1. Weldon's November 1, 2001, letter requesting legal assistance (doc. 15) is construed as a motion for appointment of counsel.

2. Plaintiff's motion for appointment of counsel (doc. 15) is denied.

*William W Caldwell*
WILLIAM W. CALDWELL
United States District Judge

-3-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 13, 2001

Re:  1:01-cv-01098   Weldon v. Nork

True and correct copies of the attached were mailed by the clerk to the following:

    Robert C. Weldon
    SCI-D
    SCI at Dallas
    DL 7681
    Drawer K - Follies Rd.
    Dallas, PA   18612-0286

    Francis R. Filipi, Esq.
    Attorney General's Office
    Strawberry Square
    15th Floor
    Harrisburg, PA   17120

```
cc:
Judge                            ( )       (✓) Pro Se Law Clerk
Magistrate Judge                 ( )       ( ) INS
U.S. Marshal                     ( )       ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    ( )
Federal Public Defender          ( )
Summons Issued                   ( )  with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5              ( )
Order to Show Cause              ( )  with Petition attached & mailed certified mail
                                      to:  US Atty Gen   ( )    PA Atty Gen ( )
                                           DA of County  ( )    Respondents ( )
Bankruptcy Court                 ( )
Other_____     ( )
```

                                                    MARY E. D'ANDREA, Clerk

DATE: _____11/13/01_____                               BY: _____[signature]_____
                                                           Deputy Clerk