ORIGINAL

FILED
HARRISBURG

MAR 2 2 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. WELDON                        :

       Plaintiff                         :

                       :   NO. 1:CV-01-1098

       v.                                :

                       :   (Judge Caldwell)

MR. NORK, *et al.*,                     :

       Defendants                        :

BRIEF IN SUPPORT OF DEFENDANT NORK'S
MOTION FOR SUMMARY JUDGMENT

I.    Statement of The Case

    A.    Identity of the Parties and Nature of the Action

        Plaintiff is Robert C. Weldon, inmate number DL-7681, who at times

relevant has been confined at the State Correctional Institution at Dallas. Weldon

seeks compensatory damages, alleging Corrections Officer Antrhony J. Nork, the

sole served defendant, violated his civil rights when he was issued a misconduct

charge for engaging in sex acts with others, sodomy and assault. Officer Nork is

employed by the Pennsylvania Department of Corrections at the State Correctional

Institution at Dallas.[1]

B.  Procedural History

The complaint was submitted to the Court on June 20, 2001, and was ordered served by mail on Officer Nork on August 6, 2001.  Defense counsel waived service on August 27, 2001, and answered the complaint on September 24, 2001.  On March 12, 2002, Officer Nork filed a motion for summary judgment. This brief in filed in support of that motion.

C.    Statement of Relevant Facts

The complaint alleges that Weldon was a witness for another inmate in some undisclosed proceeding and that on the day following Officer Nork threatened Weldon, uttering a dyslogistic comment in the process. Complaint, ¶ IV. 1.  Weldon then claims he was issued a misconduct report for "fondling an inmates (sic) genitals."  Complaint, ¶ IV. 2.

In direct refutation of the bald allegation are the statements by Officer Nork made under penalty of perjury.   While Officer Nork does not recall having any conversation with Weldon at any time regarding him attending any other inmate's misconduct hearing in which the general issue of him being another inmate's witness was raised, Officer Nork sates under oath that he never

---

[1]Weldon attempted to name fifteen other corrections employees and a committee but this Court dismissed these other potential defendants on August 1, 2001, before service was made on Officer Nork.

threatened Weldon or any other inmate for any reason including that they participated in any hearing as a witness. Nork declaration, ¶¶ 2 & 3. Further, Officer Nork denies ever having a conversation with Weldon in which Officer Nork used the "N" word. Nork declaration, ¶ 3. In fact, Officer Nork only became aware that Weldon had testified as a witness at another inmate's hearing when Weldon alleged that they had had a conversation about it after Officer Nork had already issued Welodn misconduct report number A099593 on February 27, 2001. Nork declaration, ¶ 4. These statements are unrebutted.

II.    Question Presented

Is Officer Nork is entitled to judgment in his favor as he did not issue plaintiff a misconduct report in retaliation for plaintiff exercising any Federally protected right?

III.    Argument

> Officer Nork is entitled to judgment in his favor as he
> did not issue plaintiff a misconduct report in retaliation
> for plaintiff exercising any Federally protected right

Summary judgment is appropriate when there is no genuine issue of material fact to be resolved. Fed.R.Civ.P. 56; *Peterson v. Lehigh Valley District Council*, 676 F.2d 81, 84 (3d Cir. 1982). The initial burden of proving that there is no genuine issue of fact is the moving party's. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden then shifts to the nonmoving party. *Forms,*

*Inc. v. American Standard, Inc.*, 546 F.Supp 314, 320-21 (E.D.Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983).  While the entire record must be examined in light most favorable to the non-moving party, *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir. 1981), Fed.R.Civ.P. 56 "mandates entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *Olsin v. General Electric Astrospace*, 101 F.3d 945, 951 (3d Cir. 1996); *Coolspring Stone Supply, Inc. v. American States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993).  When a plaintiff can adduce no evidence that to support his claim, defendants' motion for summary judgment should be granted.  *Celotex*, 477 U.S. at 324.

The Supreme Court has further defined the standard in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), observing:

> If the defendant in a run-of-the-mill civil case moves for summary judgment ... based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a

-4-

> preponderance of the evidence that the plaintiff is
> entitled to a verdict....

Therefore, when "the evidence is merely colorable, *Dombrowski v. Eastland*, 387

U.S. 82 (1967)(per curiam), or is not significantly probative, [*First National Bank

of Arizona v.*] *Cities Service Co.*, 391 U.S. [253,] 290 (1968), summary judgment

may be granted." *Id.* at 249-250.  To be considered "material" a fact must be one

which might affect the outcome of the suit under the governing law...." *Id.* at 248.

A "genuine dispute" exists only if "the evidence is such that a reasonable jury

could return a verdict for the non-moving party." *Id.*  "Where the record taken as a

whole could not lead a rational trier of fact to find for the non-moving party, there

is no 'genuine issue for trial.'" *Matsushita Electric Industrial Company, Ltd. v.

Zenith Radio Corporation*, 475 U.S. 574, 587 (1986).

> To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff

must demonstrate (1) that he was engaged in protected activity; (2) that the

Government responded in retaliation; and (3) that the protected activity was the

cause of the Government's retaliation. *See Anderson v. Davila,* 125 F.3d 148, 161

(3d Cir.1997).  In evaluating the causation element, courts employ a burden

shifting framework. *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir.2001).  Under this

framework, the plaintiff bears the initial burden of "proving that his

constitutionally protected conduct was 'a substantial or motivating factor' in the

decision to discipline him." *Id.* (quoting *Mount Healthy Bd. of Ed. v. Doyle,* 429 U.S. 274, 278 (1977)).  If a plaintiff meets this burden, the burden shifts to the defendant to "prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity." *Id.*

Here it is unrebutted by competent evidence that Officer Nork issued the misconduct report because of what he observed and not because Weldon had been a witness for an African-American inmate.  Moreover, even if Weldon puts in issue whether the conversation he alleges occurred on February 23, 2001, took place as alleged, there is no evidence that Officer Nork "would [not] have taken the same disciplinary action even in the absence of the protected activity." *Id.* Therefore on this record Officer Nork is entitled to judgment in his favor.

IV.    Conclusion

WHEREFORE, this Court should enter summary judgment in favor of defendant Anthony J. Nork and against plaintiff Robert C. Weldon.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By:    *Francis R. Filipi*

FRANCIS R. FILIPI
Senior Deputy Attorney General
Attorney ID# 18630

SUSAN J. FORNEY
Chief Deputy Attorney General

Counsel for defendant
Anthony J. Nork

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg PA 17120
717.787.3874 (Direct Dial)
717.772.4526 (Facsimile)
Internet: ffilipi@attorneygeneral.gov

Date:  March 22, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. WELDON                    :

         Plaintiff                :

                               :   NO. 1:CV-01-1098

      v.                                :

                               :   (Judge Caldwell)

                               :

MR. NORK, *et al.*,                 :

         Defendants              :

## CERTIFICATE OF SERVICE

I, FRANCIS R. FILIPI, Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that

on this date I caused to be served a true and correct copy of the foregoing

document entitled Defendant Nork's Motion for Summary Judgment by depositing

same in the United States Mail, first-class postage prepaid to the following:

    Robert C. Weldon, DL-7681
    State Correctional Institution at Dallas
    1000 Follies Road
    Dallas, PA 18612-0286

                                          *Francis R. Filipi*
                                          FRANCIS R. FILIPI
                                          Senior Deputy Attorney General

Date: March 22, 2002