

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT C. WELDON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-01-1098
vs. :
: (Judge Caldwell)
MR. NORK, et al., :
:
    Defendants :



M E M O R A N D U M

I.     Introduction.

    Robert C. Weldon, an inmate at SCI-Dallas, Dallas, Pennsylvania, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging he was given a misconduct in retaliation for being a witness for another inmate in an unspecified forum.

    Upon initial screening of the complaint, by order dated August 1, 2001, the Court dismissed all other named defendants and claims except the retaliation claim against CO Nork. We are considering Nork's unopposed motion for summary judgment. For the reasons that follow, the motion will be granted.

II.     Procedural History.

    After being granted an enlargement of time to file a response to defendant's motion, Weldon failed to file any opposition, including a brief. By order of June 19, 2002, the

Court then ordered Weldon to file a response to the pending dispositive motion. He was warned that if he did not oppose the motion, his case would be dismissed for failure to prosecute. Instead of addressing the merits of the motion, Weldon filed a "Statement to the Court" advising the Court that the Department of Corrections had undertaken an investigation of the matters alleged in the complaint and that the Court should read such information before making any further "rash" decisions in his case. See Doc. 25.

The Court has not been presented with this alleged investigative report. Nor has Weldon raised any discovery disputes in this matter.

III.   Standard of Review.

The court will consider defendant Nork's motion under the well established standard applicable to summary judgment. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Young v. Quinlan*, 960 F.2d 351, 357 (3d Cir. 1992). The moving party, however, has no burden to negate or disprove matters on which the nonmoving party will have the burden of proof at trial. The moving party need only point out to the Court that there is absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. at 2554. After such a showing has been made, the nonmoving party cannot rely upon conclusory allegations in his pleadings or in memoranda and briefs to establish a genuine issue of material fact. Rather, the nonmoving party must go beyond the pleadings and offer specific facts contradicting the facts averred by the movant which indicate that there is a genuine issue for trial. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); Fed. R. Civ. P. 56(e).

To determine whether the nonmoving party has met his burden, the court must focus on both the materiality and the genuineness of the factual issues raised by the non-movant. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Liberty Lobby, Inc.*, 477 U.S. at 247-48.

IV.    <u>Discussion</u>.

According to the Complaint, the day after Weldon testified for another inmate in an unspecified forum, CO Nork approached him and verbally threatened he would "get" him. Four days later, Nork issued Weldon a misconduct for fondling another inmate's genitals. (Doc. 1). Weldon's misconduct appeals and grievances were unsuccessful at all levels. *Id.*

In support of his summary-judgment motion, Nork has submitted a brief, a statement of material facts, and his own declaration made under the penalty of perjury. Weldon has failed to file a response to the motion or request an extension of time within which to do so. As such, the summary judgment motion will be deemed unopposed. M.D. Pa. LR 7.6.[1] Moreover, since Weldon has failed to file a separate statement of material facts controverting the statement filed by defendant Nork, all material facts set forth in defendant's separate statement of undisputed material facts (Doc. 18) are deemed admitted. M.D. Pa. LR 56.1.[2]

---

[1] M.D. Pa LR 7.6 states as follows: "Any party opposing any motion shall file an original and two (2) copies of a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

[2] M.D. Pa LR 56.1 provides in relevant part as follows: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

Defendant's statement of facts and supporting declaration indicate that on February 27, 2001, Nork issued Weldon a Class I misconduct after observing him "aggressively attempting to fondle" another inmate's "penis and groin area" in a stairwell of the J-Block. *See* Doc. 18, Declaration of Anthony J. Nork, ¶5, Misconduct No. A099593. Nork denies any knowledge of Weldon's participation as a witness in any inmate hearing prior to his issuance of the misconduct. *Id.* at ¶¶ 3 and 4. Additionally, Nork states that he issued Weldon the misconduct because of what he saw Weldon doing in the stairwell of J-Block and not in retaliation for participating in another inmate's hearing. *Id.* at ¶ 3.

An allegation that a prison official filed false disciplinary charges in retaliation for the exercise of a constitutionally protected right states a claim under § 1983. *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000). A plaintiff alleging retaliatory punishment bears the initial burden of showing that: (1) he was engaged in a constitutionally protected activity; (2) that he suffered an "adverse action" at the hands of prison officials; and (3) that his constitutionally protected activity was the substantial or motivating factor in the prison officials' decision to discipline the plaintiff. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002), *citing Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). The burden then shifts to the defendant to show by a preponderance of the evidence that the plaintiff would have received the same punishment, or alternatively stated, that

-5-

defendant would have taken the same action, absent the retaliatory motive for reasons reasonably related to a legitimate penological interest. *Carter,* 292 F.3d at *158, citing Rauser,* 241 F.3d at 334.

The factual record before the Court is undisputed. Nork learned of Weldon's participation in another inmate's hearing *after* issuing him a misconduct. Nork issued Weldon the misconduct for the inappropriate behavior he observed Weldon engaged in, and not in retaliation for being a witness for another inmate. Hence, Plaintiff's retaliation claim fails because there could be no retaliation for an event which did not precede the alleged retaliation.

In any event, given the serious nature of the misconduct, a Class I offense for engaging in sexual acts with others or sodomy and assault (presumably for the other inmate's resistance to Weldon's advances as noted in the misconduct), defendant Nork could not let such activity go unnoticed. Issuance of the misconduct based on the witnessed activities, for later resolution by a hearing examiner, appears to be the appropriate decision even absent the alleged retaliatory motivation. The Court is mindful that "prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

V.   Conclusion.

Weldon has failed to present any evidence demonstrating that defendant Nork knew he had engaged in any protected activity before issuing a misconduct. Accordingly, the Court finds that the record fails to reveal a material issue of fact for trial in this matter. Therefore, summary judgment will be entered in defendant's favor.

WILLIAM W. CALDWELL
United States District Judge

Date: December 18, 2002